# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAN NERSISYAN,<br><br>      Petitioner,<br><br>    v.<br><br>TODD M. LYONS, et al.,<br><br>      Respondents. | Case No. 1:25-cv-01728-JLT-SAB-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND<br><br>(ECF No. 15)<br><br>ORDER DIRECTING PETITIONER TO FILE ECF No. 15-1 AS FIRST AMENDED PETITION ALONG WITH EXHIBITS<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 3, 2025, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) On January 5, 2026, Respondents filed a motion to dismiss. (ECF No. 8.) On January 21, 2026, Petitioner filed an opposition. (ECF No. 9.) On February 2, 2026, the Court ordered Petitioner to file the "forthcoming" declarations of Petitioner and his wife that were referenced throughout the petition. (ECF No. 10.)

On February 2, 2026, Petitioner filed a substitution of attorney, which was approved on February 4, 2026. (ECF Nos. 11, 14.) On February 4, 2026, Petitioner filed a motion for temporary restraining order ("TRO"), which was denied as untimely. (ECF Nos. 12, 13.)

1

On February 11, 2026, Petitioner filed a motion to amend the petition and a second motion for TRO. (ECF Nos. 15, 16.) The second motion for TRO was denied as untimely, and the motion to amend referred to the undersigned. (ECF No. 17.) On February 19, 2026, Respondents filed a statement of non-opposition to the motion to amend. (ECF No. 19.)

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(2) allows pleading amendments with "leave of court" at any time during a proceeding. Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" Kroessler v. CVS Health Corp., 977 F.3d 803, 814–15 (9th Cir. 2020) (quoting Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Petitioner asserts that amendment "is necessitated due to the oversight of a less experienced attorney" because "Petitioner's prior counsel admittedly made a mistake. He simply did not know the C.F.R. regulations that applied and mistakenly left out the most critical argument in Petitioner's claim." (ECF No. 15 at 6.) The Court finds that there is no undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies by previous amendments, undue prejudice to Respondents, or futility of the proposed amendment. Accordingly, leave to amend is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-

dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). A "magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). Here, granting Petitioner's motion to amend does not dispose of a claim or defense or preclude the ultimate relief sought.

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion to amend (ECF No. 15) is GRANTED.

2. Petitioner is DIRECTED to file ECF No. 15-1 as the First Amended Petition ("FAP") along with the accompanying exhibits (ECF Nos. 15-2, 15-3) as attachments within seven (7) days of the date of service of this order.

3. Within **TWENTY-ONE (21) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the FAP, **including addressing whether this case is distinguishable from those cases in which this Court has granted habeas relief**. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[1] A Response can be made by filing one of the following:

    A. AN ANSWER addressing the merits of the FAP. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER but must also address the merits of the claim asserted.

    B. A MOTION TO DISMISS the FAP.

4. Within **TWENTY-ONE (21) days** of the date of service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of

---

[1] See also Schwarz v. Meinberg, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

the issues presented in the FAP. See Rule 5(c), Rules Governing Section 2254 Cases. **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

5. If Respondent files an Answer to the FAP, Petitioner MAY FILE a Traverse within **FIFTEEN (15) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the FAP and Answer are deemed submitted at the expiration of the fifteen days.

6. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **FOURTEEN (14) days** of the date of service of Respondent's Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition has been filed in CM/ECF. The Motion to Dismiss will be deemed submitted when the time to reply has expired.

IT IS SO ORDERED.

Dated:    **February 20, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge

4